## Brown v. Hasty.

February 28, 1950.

R. C. Tarter, Judge.

H. C. Kennedy for appellant.

Sandusky & Krueger for appellee.

MORRIS, COMMISSIONER—Affirming.

Appellant, defendant below, appeals from a judgment enjoining him from operating over a certain milk route, and to surrender to plaintiff a truck which was used in the business. Plaintiff's petition alleged that during 1947 Brown owned and operated motor vehicles in Pulaski and Lincoln Counties for the purpose of gathering milk and dairy products for delivery to the Stanford Creamery; that on June 5, 1948 defendant leased him the milk route. It was alleged that under the agreement plaintiff (Hasty) was to have use of the route for a period of five years, and that he had fully complied with the terms and conditions of the contract, but that in September appellant had taken over the route and truck. The prayer is for an order enjoining defendant, his agent and servants, from operating over the route for a period of 5 years from June 5, 1948, and from using plaintiff's truck in the operation. The written memorandum in pertinent parts reads: "It is further agreed that insurance is to be carried on the truck which is to be used for hauling the milk, and to be paid by said Hasty. * * * If said Hasty discontinues said milk route within the term of the above lease, this route falls back to said Brown. If the said Hasty fails to live up to the terms of this contract before the lease expires or said truck is paid for, the truck is to go back to said Brown."

Brown answered affirmatively alleging that Hasty had failed and refused to secure and carry insurance on the truck, and that prior to the filing of plaintiff's action the parties had mutually rescinded the contract. A reply joined issue; proof was taken by way of deposition and upon submission the court adjudged that Brown and employees be enjoined from operating over the milk route for a period of five years from June 5, 1948, and enjoined defendant from using or interfering with plaintiff's use of the truck and ordered defendant to surrender possession of both route and truck to the plaintiff, "and in the absence of so doing the sheriff is directed

to place the plaintiff in possession thereof." Appeal is prosecuted from that order.

The solution of the problem depends upon proof as to whether the contract was breached, or whether the contract was rescinded by the parties. The evidence as to the failure of plaintiff to obtain insurance is that when the parties went to the home of the agent for the Kentucky Farm Bureau Mutual Insurance Company, where the written contract was drawn up, plaintiff and defendant made application in defendant's name for additional coverage for collision, fire and theft on the truck; it appeared that the defendant, Brown, already had a liability policy with the same company on the truck. Plaintiff offered to pay the premium on the additional coverage at that time but the agent refused to take the money then because the company would have to compute the premium and send the bill to the insured in this instance. Since the insurance was to be taken out in the name of the defendant there was apparently no reason why plaintiff should receive notice of the bill, and he received no such notice.

It further appears that the insurance company issued an additional coverage endorsement on the policy, conditionally effective August 31, 1948, should the premium be paid. Esker Vaught, an employee of the insurance company, testified that the notice to pay the premium was sent to defendant Brown, but he denies having received any such notice. In any event, on October 11, 1948, the insurance company issued a cancellation order on the additional coverage, effective as of August 31, 1948. Before this date and on September 15, defendant had repossessed the truck and milk route, and on September 30, 1948 applied for and obtained a different form of additional coverage for collision, fire and theft.

The defendant claims that the failure of plaintiff to secure collision, fire and theft insurance for 24 days, August 21 to September 15, was a breach of the contract, entitling him to rescind. The facts, however, clearly show that on August 21 plaintiff was ready, willing and able to pay the premium, and that plaintiff was willing to pay for the insurance on September 15, when defendant repossessed the truck. Though defendant may not have received the notice to pay the premium on the

additional coverage applied for on August 21, 1948, yet we find no way in which plaintiff could have known that the payment was called for or its amount. Under the circumstances, it seems that there was a substantial performance on the part of plaintiff.

The defendant next contends that there was a mutual rescission on September 15, when he repossessed the truck. Defendant testified that plaintiff was silent and made no objection to his taking the truck. Whether this would amount to a rescission or not we need not determine, because the plaintiff testified that he did object to the defendant's taking the truck. We cannot say under this testimony, and the further fact that the suit was filed on September 18, 1948, only three days after defendant's repossessing the truck, that the chancellor was in error in finding no mutual rescission of the contract.

Appellant's final ground for reversal is that the chancellor granted relief not prayed for in the petition when he stated that upon failure of delivery of the truck and route, "the sheriff or any constable should place the plaintiff in possession thereof." No writ appears to have issued. This contention must fail on two grounds, (1) There was included in plaintiff's petition a general prayer for "* * * all proper relief," and (2) the relief given was necessary in order to carry out and effectuate the first part of the judgment, Deaton v. Morris, 308 Ky. 754, 215 S. W. 2d 854.

Judgment affirmed.